BIRDSALL, SON & CO., PLAINTIFFS IN ERROR, v. J. M. &
W. Z. CARTER, DEFENDANTS IN ERROR.

1. **Warranty** : PAROL EVIDENCE CONCERNING. Where, in an action on notes given for a threshing machine, the defendants set up as a defense a breach of warranty, alleging that the warranty was in writing and left with the plaintiffs, the defendants cannot introduce evidence on the trial of the cause to show by parol what the contract was, without first taking the necessary steps to require the plaintiffs or their agent to produce the contract. The original contract must be produced or its absence accounted for, before proof of its contents can be received.

2. ———: CONDITIONS PRECEDENT. Where, in a contract of warranty there are conditions precedent to be performed by the purchaser, he must show a fair, reasonable compliance therewith on his part, in order that he may enforce the contract against the warrantor. *Nichols v. Hail*, 4 Neb., 214, cited and approved.

ERROR to the district court for Cass county. Tried below before POUND, J. The case is stated in the opinion.

*Sprague, Chapman & Wheeler*, for plaintiffs in error, cited 1 Greenleaf Evidence, 553, 558. 1 Parsons Contracts, 588. *Predeaux v. Burnett*, 1 C. B. (N. S.), 613. *Nichols v. Hail*, 4 Neb., 210.

*George S. Smith* and *T. M. Marquett*, for defendants in error, cited *Mears v. Nicholls*, 41 Ill. 207. *Leopold v. Van Kirk*, 27 Wis., 152. *Carter v. Black*, 46 Mo., 384. *Richmond v. Greeley*, 38 Iowa, 666. *Hilton v. Dinsmore*, 21 Maine, 412. *Potter v. Hopkins*, 25 Wend., 417.

MAXWELL, J.

The action is founded on two promissory notes, on which plaintiffs claim there is due the sum of $412.50, and interest from August 1, 1870.

The answer alleges that said notes were given in con-

sideration of a certain threshing machine which the plaintiffs sold and delivered to the defendants, and for no other consideration whatever; that said plaintiffs entered into a written contract in which they warranted said machine to these defendants, that it was a first class machine in every respect, that it was to be put up of good material, thresh the grain clean out of the straw, and to thresh as fast and do its work as well as any other threshing machine made, to be light of draft and easy to be managed, and if, upon a thorough trial, the said machine did not give good satisfaction, then the said Birdsall, Son & Co. were to take said machine back and refund the money so paid upon said machine and the notes given in consideration of the same by defendants to the plaintiffs; that they gave said machine *two* separate thorough trials, notifying at each time the agent of plaintiffs that the machine failed to do its work as required by the terms of the written warranty, and that defendants were ready and willing and are now ready to return said machine, etc. Defendants claimed judgment for the sum of $500.00 and costs.

The plaintiffs filed a reply to the answer denying all the facts therein stated.

On the trial of the cause the jury found a verdict for the defendants for the sum of $525.00. The defendants entered a remittitur for the sum of $25.00. A motion for a new trial was overruled, and judgment entered on the verdict. The case is brought into this court by petition in error.

J. M. Carter testified on the trial that: "We left the contract with Doom. We forgot it when we went after the machine, and when we called on him for it he said he had lost it and it could not be found." He further testified that Doom searched among his papers and was unable to find it.

The defendants then, against the objections of the

plaintiffs, were permitted to prove what the contract was by parol testimony. This is assigned for error. Where a written instrument is in the possession of the adverse party, the law has provided at least two modes of obtaining an inspection of it, for the purpose, if desired, of introducing it in evidence on the trial of the cause:

*First.* By a subpœna *duces tecum,* requiring the witness to bring with him and produce to the court the desired instrument.

*Second.* Section 394 of the code of civil procedure provides that "either party, or his attorney, may demand of the adverse party an inspection and copy, or permission to take a copy of a book, paper or document in his possession or under his control, containing evidence relating to the merits of the action or defense therein. Such demand shall be in writing, specifying the book, paper or document, with sufficient particularity to enable the other party to distinguish it, and if compliance with the demand within four days be refused, the court or judge, on motion and notice to the adverse party, may, in their discretion, order the adverse party to give the other within a specified time an inspection and copy, or permission to take a copy of such book, paper or document, and on failure to comply with such order the court may exclude the paper or document from being given in evidence, or if wanted by the party applying may direct the jury to presume it to be such as the party by affidavit alleges it to be."

It is not claimed that any notice was served on the plaintiffs to produce the contract; nor was Mr. Doom (the agent) required to produce it, or asked on his examination if it was in his possession. The rule is well settled that if such paper " belong to the custody of certain persons, or is proved or may be presumed to have been in their possession, they must, in general, be called and

sworn to account for it if they are within reach of the process of the court." 1 Greenleaf Ev., Sec. 558. *Ralph v. Brown*, 3 Watts & S., 395.

The law requires the production of the best evidence of which the case in its nature is susceptible. The defense in this case is a breach of warranty. The character of the warranty is in dispute. Therefore the original contract must be produced, or its absence accounted for. The degree of proof required in such a case is merely to establish a reasonable presumption of the loss of the instrument. Where it is apparent that a party has in good faith used reasonable diligence in the prosecution of a search for such paper and has been unable to obtain it, proof of its contents may be given. 1 Greenleaf Ev., Sec. 558. But in this case the defense entirely failed to take the necessary steps to account for the absence of the instrument on the trial, and their failure to produce it. The court, therefore, erred in admitting evidence of its contents.

On the trial the plaintiffs asked the court to instruct the jury "that in case they find the machine as good as the warranty, and that defendants did not comply with the terms of the warranty on their part, then they must find for the plaintiffs," which instruction was refused by the court, to which plaintiffs duly excepted.

In *Nichols v. Hail*, 4 Neb., 214, this court held: "When, in a contract of warranty, there are conditions precedent to be observed and performed by the purchaser, he must show a fair, reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the warrantor." The instruction asked should have been given by the court.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.