WILLIAM J. McGAVOCK, APPELLANT, v. JOHN W. POL-LACK, APPELLEE.

1. **Tax Sale:** REDEMPTION: TAX DEED. Sec. 64 of the Revenue act, Gen. Statutes, 922, gave two years from the day of sale for redemption. The sale was made June 15th, 1874, and the treasurer's deed June 15th, 1876. *Held,* That the deed was made before the time for redemption had expired, and was therefore void. *Held, also,* That the deed was void for not showing where the sale was made, and also for the reason that the sale was for a part only of the taxes then delinquent.

2. ———. A sale of land for taxes must be for all that are delinquent at the time, or it is void.

3. ———. A valid deed cannot be made under a void tax sale.

4. **Practice:** PLEADING: JUDGMENT. A judgment rendered upon a petition open to general demurrer is not void and subject to collateral attack, but merely erroneous and liable to be reversed by proceedings in error.

5. ———: CONSTRUCTIVE SERVICE: PUBLICATION OF NOTICE TO DEFENDANT. Constructive service of notice to the defendant of the commencement of an action must be preceded by an affidavit as directed by sec. 78 of the code of civil procedure.

6. ———: ———: ———. Where the affidavit fails to show that the person to be served was then a non-resident of, and that service of a summons could not be made upon him within this state, the publication is void.

7. ———: LIMITATION. The special limitation of time for the commencement of an action by the revenue act is not available where the tax deed is *prima facie* void.

APPEAL from the district court of Wayne county, BARNES, J., presiding. The action was to cancel certificates of tax sale, and tax deed issued thereon and to set aside proceedings in foreclosure of a pretended tax lien upon section 30, township 25, range 4 east, and to quiet plaintiff's title to said real estate. Judgment below for defendant.

*J. C. Crawford,* for appellant.

*M. McLaughlin,* for appellee.

LAKE, CH. J.

The first question presented relates to the tax deed executed on the fifteenth day of June, 1876. On behalf of the plaintiff it is claimed that the deed was void for want of authority on the part of the treasurer to make it at the time he did. It appears that the sale in question took place on the fifteenth day of June, 1874. The treasurer's certificate, to which the deed subsequently issued conformed, declared that, unless redemption were made as provided by law, the purchaser, or his heirs or assigns, would be entitled to a deed of the land, "on and after the fifteenth day of June, 1876."

Governing this matter, sec. 64, Gen. Statutes, 922, provided that: "The owner or occupant of any lands sold for taxes, or any other person, may redeem the same at any time within two years after the day of sale," etc. And sec. 67 that: "If no person shall redeem such lands within two years, *at any time after the expiration thereof,* and on production of the certificate of purchase, the treasurer of the county in which the sale of such lands took place shall execute to the purchaser, his heirs or assigns, in the name of the state, a conveyance of the real estate so sold," etc.

Taken together, the plain import of these two sections is, that the owner of land sold for taxes, or other interested person, shall have two full years *"after the day of such sale"* within which to redeem it. In excluding the day of sale from the period within which redemption may be made, this statute is analogous to the rule of the code of civil procedure, sec. 895, which is that: "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day," etc. By observing this rule in fixing the period of redemption, the sale having been made on the fifteenth, the first day of the two years,

time given for redemption was the sixteenth day of June, 1874, and the last the fifteenth day of June, 1876, the very day on which the deed was made. It is very clear, therefore, that the deed was unauthorized, and, being so, necessarily void. The right to redeem continued to the very last moment of the time given. And it cannot be doubted that this right, and the right to have the treasurer's deed, could not possibly co-exist.

And this deed was void for at least two other reasons. *First.* It fails to show where the sale was made. This the statute required, and the omission was fatal to the deed. *Haller v. Blaco,* 10 Neb., 36. *Howard v. Lamaster,* 11 Id., 582. *Second.* It appears that the sale was made for the taxes of 1872 alone, while those of 1871 and 1873 were at the same time delinquent. The treasurer was not authorized to sell the land except for all of the taxes then delinquent, together with the interest, penalty, and costs. *State v. Helmer,* 10 Neb., 25. *Tillotson v. Small, ante* p. 202. And for this last reason the deed subsequently made to cure the defects of the first one is also void. A valid deed cannot be made under a void tax sale.

The ruling of the court below, by which the proceedings to enforce the statutory lien for taxes paid under the void sale were held invalid, was right. The fact, however, that the petition was open to a general demurrer, which it clearly was for not showing a failure of the tax title, did not render the judgment void and subject to collateral attack, but merely erroneous and liable to be reversed by proceedings in error.

The reason of the judgment being void is, that the court in pronouncing it was without jurisdiction of the subject matter of the suit for want of notice to the defendant. It seems that constructive service was sought and an affidavit to that end made. But the affidavit was totally wanting in several particulars, some of which, at least, were jurisdictional, as this court has heretofore held. Doubtless the

subject of the action belonged to one of the classes mentioned in section 77 of the code of civil procedure, in which constructive service by publication may be made, where the defendant is a non-resident of this state.

But section 78 provides that: "Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this state."    *    *    *    *    "And that the case is one of those mentioned in the preceding section.   When such an affidavit is filed, the party may proceed to make service by publication."   In order to have shown that the case was one of those included "in the preceding section," the affidavit must have stated, in addition to what it did, at least that the defendant was then a non-resident of, and that service of a summons could not be made upon him "within this state."   Without an affidavit showing the existence of these two facts, as well as that the subject matter of the suit was such that constructive service was proper, the publication of notice was void, and the judgment based thereon open to collateral attack.  *Atkins v. Atkins*, 9 Neb., 191.

The plea of the special limitation given by the revenue act for the commencement of an action cannot be sustained.

In *Sutton v. Stone*, 4 Neb., 319, we held that this defense is available only where the tax deed is *prima facie* good, but, for some defect in the tax proceeding, voidable, that this defense can be made.   For these reasons the judgment is reversed.

REVERSED AND REMANDED.