WILLIAM MURPHY, PLAINTIFF IN ERROR, V. JOHN LYONS, DEFENDANT IN ERROR.

1. **Summons:** SERVICE BY PUBLICATION. Before service of notice of the pendency of an action against a defendant can be made by publication in a newspaper an affidavit must be filed with the clerk of the court in which the action is pending, setting forth that service of the summons cannot be made in the state on the defendant to be served, and that the cause is one of those mentioned in section 77 of the civil code.

2. **Jurisdiction:** The decrees and judgments of a court of general jurisdiction and power are presumed to have been made in causes in which the court had jurisdiction until the contrary is proved. But if it is shown by the record that the court had not acquired jurisdiction over the subject matter or person, such judgment or decree is void, and will be so treated in a proceeding either direct or collateral.

3. **Evidence:** LOST PAPER. Before secondary evidence is admissible to prove the existence or contents of a paper claimed to have been attached to and a part of the files of a case in court it must appear that diligent search has been made in the proper office for such paper, and that it is lost or destroyed and cannot be found.

44

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*N. C. Abbott*, for plaintiff in error.

*L. C. Burr* and *Lamb, Ricketts & Wilson*, for defendant in error.

REESE, J.

This was an action of ejectment, instituted in the district court by plaintiff in error, by which he sought to recover the possession of the real estate in dispute.

Defendant answered, alleging ownership, basing his title upon two certain deeds, one of which was made by the sheriff upon order of sale in an attachment proceeding against plaintiff, and the other by a master commissioner in a foreclosure of mortgage against plaintiff. The reply of plaintiff attacked both of those proceedings and alleged that the court rendering the judgment in attachment and the decree of foreclosure was without jurisdiction and that the proceedings in both cases were void for want of such jurisdiction.

The principal allegation and point of attack is that in the attachment suit of J. B. Price against plaintiff, in which no other service was had than by publication of notice, the affidavit of non-residence was not filed in the office of the clerk of said court until after the first publication of the notice, and that the notice as published fixed the answer day on the fifth Monday after publication instead of the third, as required by section 110 of the civil code. It is also claimed that no affidavit of non-residence was made in the foreclosure suit, that no other service was had than by publication, and that for want of such affidavit the whole proceeding was void. Plaintiff did not appear in either of said actions. Upon the trial of this case the

records and files of the district court in both cases were received in evidence over the objection of plaintiff, and, judgment being rendered against him, he alleges error in this court, assigning as such the admission of the deeds, pleadings, and records in those cases.

The questions here presented are as to the jurisdiction of the district court in the actions which culminated in the two deeds admitted in evidence. It is insisted by defendant in error that those judgments cannot be attacked collaterally, as plaintiff seeks to do; that every presumption is in their favor, and that the trial court did not err in admitting the deeds in evidence and rendering judgment in favor of defendant. It is true that the presumptions are in favor of the jurisdiction of the district court and that it had authority to render the judgments which form the basis of the deeds by virtue of which the defendant claims title to the land in question. We take it to be well settled that the judgments of courts of general jurisdiction are supported by the presumption not only that they had jurisdiction to render such judgments as may appear upon their records as having been rendered by them, but also every presumption must be indulged in all things necessary to such jurisdiction, and that they are not liable to a collateral attack for irregularities in the exercise of the jurisdiction which is presumed to exist. But it is competent for one seeking to avoid the force of a judgment of a court of general jurisdiction to attack such judgment for want of jurisdiction even in a collateral proceeding. *Mc-Gavock v. Pollack*, 13 Neb., 535. *Boker v. Chapline*, 12 Iowa, 204. For if the court had no jurisdiction to render the judgment or decree it is void and is no judgment. The rule is that jurisdiction is to be presumed until the contrary is proved. Wells on Jurisdiction of Courts, chap. 6.

On the trial of this case in the district court the defendant offered in evidence the judgment of the district court

of Lancaster county in the suit of J. B. Price against this plaintiff, together with the files of the case. This was objected to because the affidavit of the non-residence of plaintiff (defendant in that action) was not filed until after the publication of notice was made, as appeared affirmatively upon an inspection of the papers and record in the case, and that therefore the court had acquired no jurisdiction. The objection was overruled and the evidence admitted. This record shows that the petition and affidavit for attachment were filed in the office of the clerk of the district court on the 18th day of December, 1879. On the 20th day of the same month the first publication of notice was made, and on the 22d the affidavit of the non-residence of the defendant in that action was filed. Section 78 of the civil code provides that "before service can be made by publication an affidavit must be filed that service of summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed the party may proceed to make service by publication."

The filing of this affidavit has been held to be a jurisdictional matter in *Blair v. West Point Manufacturing Company,* 7 Neb., 146. *Atkins v. Atkins,* 9 Id., 191. *Frazier v. Miles,* 10 Id., 109. *McGavock v. Pollack, supra.*

In *Frazier v. Miles,* it is said that "Where service of summons cannot be had upon a defendant in this state and it is necessary to obtain service by publication, it must appear that the steps required by the statute have been taken to obtain such service."

It is very apparent that no affidavit of the non-residence of plaintiff was on file at the time the first publication of notice was made, and it would seem equally clear that such publication, being wholly without authority, was void, and would give the court no jurisdiction. The language of the statute is, "*Before* service can be made by publication an

affidavit must be filed," etc.    Again, in the same section it is said, " *When such affidavit is filed* the party may proceed to make service by publication." This clearly indicates the object of the affidavit. Its subsequent filing could not cure the defect.

The want of jurisdiction affirmatively appearing upon the face of the records and files of the case, the court erred in admitting them in evidence.

Defendant also bases his right to the possession of the property in question upon a commissioner's deed, and certain proceedings leading up to it, in the foreclosure of a mortgage on the land in question, wherein Catherine F. Stimpson was plaintiff, and this plaintiff (Murphy) was defendant, and in which case a decree of foreclosure was entered by the district court of Lancaster county. The deed, records, and proceedings in the case were offered in evidence and admitted over the objection of plaintiff in error. In that case, also, service was made by publication. No affidavit of the non-residence of Murphy was among the files nor recorded in the complete record, and no reference to any such paper was made by any entry in the appearance docket.

The objection made to the introduction of this evidence was based upon the ground that it appeared thereby that no affidavit of non-residence was ever filed, and that therefore the court rendering the decree was without jurisdiction. If no affidavit ever *was* filed it is clear that the decree would be void—*McGavock v. Pollack, supra*—no appearance having been made, and no other service than by publication being had. The defendant seems not to have rested upon the presumption in favor of the decree against Murphy, but introduced all the files of the case—the affidavit of non-residence excepted—as well as the entries in the appearance docket. These were admitted over the objections of defendant, but afterwards the attorney who prosecuted the foreclosure suit was placed on the witness stand

for the purpose of showing by him that the affidavit was actually made and filed. This testimony was objected to, and the objection overruled and the testimony taken. The clerk was afterwards placed upon the stand for the purpose of showing that he had searched for the missing paper, but that it could not be found.

Assuming that it was competent to prove the loss of this paper, or rather that it could not be found in the office, and the further fact that such a paper had been actually filed and was at one time among the records, we think the testimony of the clerk fell far short of laying the foundation for secondary proof of the existence of the paper and of its contents. His testimony was, substantially, that his attention had not been called to the matter until the day of trial, and that he had made no examination in his office except among the papers in the case and upon the appearance docket. It was shown that the papers and files were originally very loosely attached together. The probability that some of them might have become detached was very great, even before they were entered upon the appearance docket and complete record, yet no effort was made to find the missing paper. For aught that was shown the affidavit might have been found in a few minutes' search. At least, as much diligence should have been shown in endeavoring to find the missing paper as would have been necessary to find a contract or other writing, before secondary proof could be made. Such proof was wholly inadmissible until after this showing of diligence. *Birdsall v. Carter*, 5 Neb., 517.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.