HARVEY M. DUVAL ET AL., APPELLANTS, V. JOSEPH JOHN-
SON ET AL., APPELLEES.

FILED JANUARY 3, 1912.   No. 16,613.

1. Judgment: VALIDITY: CONSTRUCTIVE SERVICE. Where, in an action
   to foreclose a tax lien brought against a nonresident, neither the
   record nor the files in the case furnish proof that a notice for
   constructive service was ever published, a judgment in such
   proceedings is subject to collateral attack.

2. ——: ——: RECITALS IN JUDGMENT. A recital in the judgment
   that "the court finds that due and legal notice of the filing and
   pendency of this action was given the defendants" will not supply
   the lack of the facts necessary to confer jurisdiction.

APPEAL from the district court for Keya Paha county:
JAMES J. HARRINGTON, JUDGE.   *Reversed.*

*Harvey M. Duval, Ross Amspoker* and *J. A. Douglas,*
for appellants.

*Lear & Lear, contra.*

LETTON, J.

This action was brought to quiet the title to certain
real estate.  Plaintiffs allege that they are the owners,
and that the defendants are in possession of the premises
claiming by virtue of a sheriff's deed issued in certain
void proceedings to foreclose a tax lien on the property.
The defendants answered by general denial and a plea
of title under the decree of foreclosure, and prayed
affirmative relief.  The court found that Lyman G. Blair,
plaintiffs' grantor, was divested of his title by the fore-
closure, and that the quitclaim deed to the plaintiffs from
him constituted a cloud upon the defendants' title.  The
judgment dismissed the plaintiffs' petition and quieted
the title in the defendants.

The only point relied upon by plaintiffs for reversal
is that in the tax foreclosure suit the court was without

jurisdiction, for the reason that the record therein does not show that any service of summons was had or service by publication made upon Blair. At the trial plaintiffs offered in evidence a quitclaim deed from Blair and rested. The defendants called C. A. Ripley, who was clerk of the district court in October, 1901. He identified the appearance docket kept at that time, and testified that William Skinner, then the owner and publisher of the Springfield Herald, signed a receipt, which was written on the page of the docket under the title of the foreclosure case, for "printer's fee in this case, $10." The witness testified that this was in payment of the publication of notice by constructive service to nonresidents, and that the custom was that the affidavit of service "invariably would be filed before receiving his fees." The same docket also shows a similar receipt dated November 13, 1901, in the same case, "fee for sale notice, $9." No notice to defendants or proof of its publication appears in the files or in the record. It is shown that Skinner had the contract for printing all legal notices in connection with tax foreclosures by the county. The appearance docket shows the following papers were filed in the case: P~tition, affidavit, *lis pendens*, decree, copy of appraisal, return to appraisal, order of sale, proof of publication of sale, confirmation. The clerk further testifies that it was his custom to note upon the appearance docket the filing of each instrument at the time it was filed; that there is no mention on the appearance docket of the filing of any proof of publication of notice to nonresident defendants; that in no other case are papers in the files which are not noted in the appearance docket; that he has no personal recollection as to whether any such proof was filed in that case; that there were a large number of tax foreclosure cases at this time; that Mr. Skinner would bring the notices, of which there were usually from 10 to 20, and he entered them in the appearance docket and put them in the files of the cases; and that it was his practice to examine the files and see if the affidavit of publication

was properly filed or delivered before he paid the printer's fees. No complete record seems to have been made. The evidence does not show that a search was made either for a newspaper containing the notice or for the proof of service, so that it may be questioned whether under the rule in *Murphy v. Lyons,* 19 Neb. 689, any of this testimony is competent; but it is deemed proper to set it forth. Where titles depend on court proceedings, it seems inexcusable that no complete record is made as the statute requires.

The decree recites: "The court finds that due and legal notice of the filing and pendency of this action was given the defendants as required by law." The vital question is whether this finding may be impeached by the fact that the record fails to show that any notice was ever published. This court has uniformly held that statutes relating to constructive service will be strictly construed, and that in order to sustain the jurisdiction of a court, based on such service the record must affirmatively show that the statute has been complied with. *Murphy v. Lyons, supra; Albers v. Kozeluh,* 68 Neb. 522; *Boden v. Mier,* 71 Neb. 191; *Stull v. Masilonka,* 74 Neb. 322. The fact that a formal recital that service has been had upon the defendants is in the decree does not change this principle. This doctrine has been severely criticised by text-writers. Works, Courts and Their Jurisdiction, 284, 295; Van Fleet, Collateral Attack, 479, 480. The weight of authority in other states seems to support a contrary view, but the rule of strict construction which has been followed by this court forbids allowing such a formal recital to supply a total failure of the record to show the publication of any notice. These views are not without support by other courts. 1 Black, Judgments (2d ed.) sec. 281; *McMinn v. Whelan,* 27 Cal. 300, 314; *Shehan v. Stuart,* 117 Ia. 207; *Buck v. Hawley & Hoops,* 129 Ia. 406; *Cissell v. Pulaski County,* 10 Fed. 891; *Galpin v. Page,* 18 Wall. (U. S.) 350; *Settlemier v. Sullivan,* 97 U. S. 444; *Daniels v. Patterson,* 3 N. Y. 47; *D'Autremont*

*v. Anderson Iron Co.*, 104 Minn. 165. In a number of recent cases, where the service was fair on its face, but the fact was that the alleged nonresident lived in this state, this court, contrary to the general rule in other states, held that the judgment was void and subject to collateral attack. *Humphrey v. Hays,* 85 Neb. 239; *Herman v. Barth,* 85 Neb. 722; *Clarence v. Cunningham,* 86 Neb. 434. Having adhered to the rule of strict construction for so many years, we are content to follow the beaten track in this jurisdiction.

It seems obvious that the jurisdiction of the court cannot depend upon the mere manner of proof of publication. The essential inquiry is whether or not publication was ever made in accordance with the statute. If a copy of a notice appeared, there might be room for the presumption that the court had proof before it that the notice had been published for the necessary time when it made the finding. It is probable that the court might permit such proof to be supplied even after a decree and sale thereunder, as was done in the case of *Britton v. Larson,* 23 Neb. 806. See, also, Works, Courts and Their Jurisdiction, 284. But we are of opinion that it would be giving too much force to a presumption, and not enough weight to the constitutional provision that property shall not be taken without due process of law, if we held in a case where no notice appears to have been published, and where there is testimony of a negative character tending to show that if a notice had in fact been published and proof made the affidavit would have been filed with the clerk and entered upon the appearance docket, that the presumption as to the regularity of judgment should supply the place of the absent notice. It is possible that upon a retrial some additional proof may be furnished of the fact of publication. Since the record fails to show jurisdiction to render the decree under which the defendants base their title, the judgment of the district court must be reversed.

It is also urged that the plaintiffs failed to establish

the allegations of their petition by not proving a connected title from the United States to their grantor. There might have been something in this contention if made at the proper time; but, when plaintiffs rested, defendants proceeded with their proof, and it became clearly apparent that both parties claimed to derive their title from a common source. This being the theory on which the case was tried in the district court, it must be so tried here.

The judgment of the district court is reversed and remanded for further proceedings.

REVERSED.

ROOT and ROSE, JJ., dissent.