GLEN EARL VANDERVORT ET AL., APPELLEES, V. ANDREW C. FINNELL ET AL., APPELLANTS.

FILED JULY 11, 1914.   No. 17,792.

1. **Judgment:** VALIDITY: CONSTRUCTIVE SERVICE. Where, in an action to foreclose a mortgage against the surviving husband of the deceased owner of the mortgaged premises and her nonresident minor heirs, neither the record nor the files in the case furnish proof that a notice for constructive service on the minor heirs was ever published, the judgment in such proceedings is subject to collateral attack.

2. ———: ———: RECITALS. A recital in the judgment that "the court finds that due and legal notice of the filing and pendency of the action was given the defendants" will not supply the lack of the facts necessary to confer jurisdiction.

3. **Mortgages:** FORECLOSURE SALE: INTEREST CONVEYED. The sale of an interest in real estate on the foreclosure of a mortgage can only convey the interest of the mortgage debtor, and, where he owns only a life estate, that is all that is sold, although the purchaser may have supposed he bought and acquired the whole title.

APPEAL from the district court for Frontier county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellants.

*Lambe & Butler* and *E. P. Pyle, contra.*

BARNES, J.

This is an appeal from a decree of the district court for Frontier county quieting plaintiffs' title to the southwest quarter of section 21, township 5 north, of range 28 west of the 6th P. M., situated in that county.

It appears that one John H. Vandervort owned the land in question at the time certain notes secured by a mortgage thereon were given to one John Amidon; that later Vandervort conveyed the premises to his wife, Ella S. Vandervort, who owned the same at the time of her death, which occurred July 1, 1890; that the plaintiffs in this action were her minor heirs. It further appears that the

mortgage above mentioned was sold, assigned and delivered to one Carrie E. Havens, and on or about the 1st day of February, 1893, she filed her petition in the district court for Frontier county against John H. Vandervort, Ella S. Vandervort, and Burton & Harvey to foreclose her mortgage. Summons was issued and returned served on John H. Vandervort. The return also showed that Ella S. Vandervort was not found in Frontier county. On April 3, 1893, a decree of foreclosure was rendered, but on the 5th day of June of the same year it was set aside, and a summons was issued for May Vandervort, Glen Earl Vandervort, Gertrude Vandervort, Typhosia Vandervort, John J. Vandervort, and James Vandervort, minor heirs of Ella S. Vandervort, and John H. Vandervort, their guardian. The return showed that none of the defendants named were found except John H. Vandervort, who accepted service. On August 1, 1893, an amended petition was filed which named the heirs of Ella S. Vandervort as parties defendant. On August 28, an affidavit was filed for service by publication as to the minor heirs of Ella S. Vandervort, deceased, alleging their nonresidence. A decree of foreclosure was entered November 8, 1893, and a stay was taken by John H. Vandervort. The premises were sold to the plaintiff Carrie E. Havens on October 3, 1894, for the sum of $670. The sale was confirmed November 11, 1895. A sheriff's deed was issued to the purchaser December 20, 1896, and she, by quitclaim deed, in 1899, conveyed the premises to the defendant Andrew C. Finnell, who has since that time been in possession thereof.

The questions presented by this appeal are: Did the plaintiffs, who are the children and heirs of Ella S. Vandervort, deceased, have constructive notice of the pendency of the foreclosure action? Did the court in the foreclosure proceedings have jurisdiction to render judgment against them, and, if no service was obtained upon them in that suit, what are the respective rights of the parties in the present action?

It appears from the evidence that the clerk of the district court was unable to find from the records and papers that any summons requiring the plaintiffs in this action to answer in the foreclosure suit was ever published. It is contended by the defendant that the evidence on this point is insufficient to support the judgment, for the reason that in the foreclosure decree there was a recital of service of summons and the entry of a default as to all of the defendants. The question thus presented was decided in *Duval v. Johnson*, 90 Neb. 503, where it was held:

"Where    *    *    *    neither the record nor the files in the case furnish proof that a notice for constructive service was. ever published, a judgment in such proceedings is subject to collateral attack."

"A recital in the judgment that 'the court finds that due and legal notice of the filing and pendency of this action was given the defendants' will not supply the lack of the facts necessary to confer jurisdiction."

In that case the authorities are collected and commented on, and the rule above announced was there promulgated. In the case at bar no one was able to testify that service by publication had been made on the minor heirs of Ella S. Vandervort. The attorney who conducted the case stated that he had no recollection of the proceedings, or that he had ever been an attorney in the foreclosure suit at all. Following the rule in *Duval v. Johnson, supra,* we are constrained to hold that the evidence contained in the record in the instant case is sufficient to sustain the decree in plaintiffs' favor. The conditions in the case at bar are practically the same as though the plaintiffs herein had never been made parties to the foreclosure proceeding. Construing the rights of the parties in the instant case, it seems clear that the interest purchased by Carrie E. Havens at the sale under the mortgage foreclosure decree was simply the life estate of John H. Vandervort.

In *Currier v. Teske*, 93 Neb. 7, it was said: "The sale of an interest in real estate on foreclosure of a mortgage can convey only the interest of the mortgage debtor, and where he owns only a life estate that is all that is sold,

although the purchaser may have supposed he bought and acquired the whole title."

It appears in the case at bar that John H. Vandervort, who was the only person served with a summons in the foreclosure case, was the owner of a life estate in the premises in question. Under the rule announced above, the purchaser at the foreclosure sale acquired only the said life estate, and by her quitclaim deed she conveyed to the defendant Finnell only the estate which was purchased at the foreclosure sale. When Finnell obtained his deed he went into possession of the premises, and has ever since that date enjoyed such possession, has made improvements on the premises, and has paid the taxes thereon. It follows that the defendant Finnell should be held to be a mortgagee in possession. This was the holding of the trial court, which was clearly right.

In the accounting the district court found that the plaintiffs should be required to pay to defendant Finnell the sum of $693.36, with interest from the date of the decree. The evidence clearly shows that there is at least that amount due upon defendant's mortgage. Plaintiffs are satisfied to pay that amount, and have asked that the judgment of the district court be affirmed. They being the only parties who can complain, the decree of the district court is

AFFIRMED.

Rose, J., not sitting.