ALDEN MERCANTILE COMPANY, APPELLANT, v. JOHN A. RANDALL, RECEIVER, APPELLEE.

FILED NOVEMBER 16, 1918.    No. 20443.

Judgment: PROCESS: WAIVER OF DEFECT. There is a well-marked distinction maintained between judgments rendered in which there has been no service of summons at all and those rendered where there has been service of summons irregularly made. In the former class the judgment may be collaterally impeached, but in the latter the defect is waived, unless directly assailed.

APPEAL from the district court for Grant county: JAMES R. HANNA, JUDGE. *Affirmed.*

*D. F. Osgood,* for appellant.

*Burkett, Wilson & Brown, contra.*

Plaintiff is a policy-holder in a mutual insurance company whose principal place of business was in Lancaster county. This corporation became insolvent, and a receiver was appointed for it. The receiver began an action against the various policy-holders in the district court for Lancaster county. A summons was issued, sent to Grant county, the county of plaintiff's residence, and a copy served upon him by the deputy sheriff of that county. He made no appearance. Judgment by default was entered against him. A transcript of the judgment was filed in the district court for Grant county. The summons was regular in form, except that the dates of the answer day and the return day were erroneously made one week more remote than the law provides. The copy served on plaintiff was marked "copy" but was not properly certified. The indorsement recited that the sheriff served this summons on defendants by "reading and delivering a true copy of the within summons to each."

This action is brought to remove the cloud upon the title to plaintiff's real estate created by the filing of the transcript. The district court found for the defendant. Plaintiff appeals.

PER CURIAM.

The question is, whether the defects in the summons were mere irregularities, or were so grave as to render the attempted service void. In *Ley v. Pilger*, 59 Neb. 561, it was held that the insertion of an erroneous date of return day is merely an irregularity, and does not render the process void. In *Barker Co. v. Central West Investment Co.*, 75 Neb. 43, the summons was defective in form, both as to the date of the return day and the answer day. It was held that the summons was not void, merely irregular. *Muchmore v. Guest*, 2 Neb. (Unof.) 127. The fact that erroneous dates were

inserted for the return and answer days might have been taken advantage of by special appearance, but this not having been done, and judgment rendered, the judgment is not open to collateral attack. *Gandy v. Jolly*, 35 Neb. 711; *Campbell Printing Press & Mfg. Co. v. Marder, Luse & Co.*, 50 Neb. 283; *Jones v. Danforth*, 71 Neb. 722,

Complaint is made that the venue was erroneously stated. The venue of the summons was laid in Lancaster county, but it was directed to the sheriff of Grant county. This is in accordance with the statute. Rev. St. 1913, secs. 5653, 8549.

AFFIRMED.