Cohen v. Clark.

ANNA COHEN, APPELLANT, v. R. V. CLARK, APPELLEE.

FILED MARCH 1, 1922. No. 22384.

Infants: COMMITMENT TO INDUSTRIAL SCHOOL. In committing a boy
to the industrial school, the juvenile court cannot fix a definite
term of detention, since that is fixed by law, and any limitation
written into the warrant of commitment will be treated as sur-
plusage.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John M. Berger, Fred A. Nye* and *M. H. Worlock,* for
appellant.

*H. M. Sinclair, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
ALDRICH, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.
This is an appeal from a judgment of the district court
for Buffalo county in a habeas corpus proceeding wherein
relator alleged that he was unlawfully restrained of his
liberty by respondent, R. V. Clark, superintendent of the
state industrial school for boys. The return of respon-
dent shows that he is holding relator under a warrant of
commitment issued out of the juvenile court for Douglas
county. The warrant correctly gave the date of birth
and age of relator. And so much thereof as is material
here is in the following form: "We therefore command
you that you forthwith receive said child and to its care,
nurture and education give strict attention *until Feb. 12,
1919,* or such time as you are relieved by law or the order

of our said court." The writ was denied.

Relator's case is based upon that portion of the warrant of commitment which appears to terminate the period of commitment on February 12, 1919.

It appears from the transcript of the proceedings had in the committing court that relator was informed against under the provisions of sections 1244-1264, Rev. St. 1913, relating to juvenile courts. This transcript shows that several orders have been entered and many experiments made in an effort to bring relator under proper control and start him on the straight and narrow path. From time to time his care and custody has been given to relatives, and to associations engaged in the care and education of wayward children, but his record is one of incorrigibility. His present detention is due to his lapse after having been paroled from the industrial school.

No question is raised as to the validity of the proceedings on which the commitment rests.

Section 1252, Rev. St. 1913, being part of the juvenile act, provides that, in the case of a delinquent, neglected or dependent boy, if under the age of 16 years, the court may order his commitment to the industrial school. Section 1259 of the same act provides that, in all commitments thereto, the acts in reference to that institution shall govern. We turn, therefore, to the acts relating to the industrial school and find that section 7379 thereof (Rev. St. 1913) provides: "Each boy committed to the school * * * shall remain there until he arrives at the age of twenty-one years unless sooner paroled or legally discharged."

Respondent insists that, the statute having fixed and determined the term of commitment, so much of the order as undertakes to limit the term is mere surplusage.

In *Leiby v. State,* 79 Neb. 485, it is said: "In committing a boy to the industrial school, the county court should not fix a definite and determinate sentence, because the law fixes the time when the accused shall be released, and it is sufficient in that regard if the warrant

of commitment contains a statement of his residence and age."

It follows that it was neither necessary nor proper for the committing court to fix a limit to the term of detention. Having made the necessary findings and order of commitment, the court was without power to fix the term of its duration. The statute determines the term of commitment.

The judgment of the district court is

AFFIRMED.