### GARRISON *v.* STATE OF INDIANA.

[No. 13,237.   Filed January 9, 1929.]

*O. W. H. Bangs,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Dale F. Stansbury,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—This is an action by the State of Indiana based on the act of 1921, ch. 132, §5, §6452 Burns 1926, charging the appellant with violation of the school law of Indiana.

Section 1709 Burns 1926 (Acts 1907 p. 221), provides that when an appeal is prayed, the judge of the juvenile court certifies the facts in the form of a special finding, and the Appellate Court shall pass on the sufficiency of such facts to sustain the judgment rendered . . . and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient.

The court found the following facts: That the defendant was, at the time of trial on September 9, 1927, a resident of Dallas township, Huntington county, Indiana; that the defendant was the father of the children whose names were set out in the affidavit, and were of the ages of eight, eleven, thirteen and fifteen respectively, and reside with their father; that on September 9, 1927, the attendance officer served written notice upon the defendant, notifying him to send his children to school as required by law; that the defendant failed to send his children to school as required by such notice, and that schools were in session in the school district wherein the defendant resided during this time; that the township of Dallas composed an entire school district, and the schools of Andrews, where the defendant was required to send his children to school, were in the same school district as was the home of the defendant; that the school hack called at a point near the defendant's home each school day to transport the defendant's children to school at Andrews, but defendant's children did not avail themselves of such transportation; that the defendant was charged with violation of the compulsory school law by affidavit filed in the juvenile court of Huntington county on September 17, 1927, and tried before a jury on September 21, 1927, which, on such date, found the defendant guilty and fixed as his punishment that he be fined in the sum of $10.

The only ground upon which this court is authorized

to reverse a judgment of a juvenile court is the insufficiency of the finding of facts or the evidence to sustain the same. §1709 Burns 1926; *Cline* v. *State* (1922), 80 Ind. App. 251, 135 N. E. 159; *Spade* v. *State* (1909), 44 Ind. App. 529, 533, 89 N. E. 604.

The bill of exceptions does not show that it contains all the evidence in the case. Consequently, no questions arising upon the sufficiency of the evidence to sustain the finding are before the court. *Smith* v. *State* (1926), 198 Ind. 484, 154 N. E. 3, and other cases there cited. There can be no doubt of the sufficiency of the finding of facts to support the judgment in the instant case. And there being no certificate that all of the evidence in the case is in the record, the sufficiency of the evidence cannot be considered. *Murphy* v. *State* (1916), 61 Ind. App. 226, 111 N. E. 806.

We have examined all other errors of which complaint is made, and find no reversible error.

Judgment affirmed.