### IN RE PIERSON ET AL.

[No. 17,131. Filed November 4, 1943. Rehearing denied December 2, 1943.]

*Norval K. Harris,* of Sullivan, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

CRUMPACKER, P. J.—This is an action brought by the State of Indiana under the provisions of "An Act concerning juvenile courts" approved March 13, 1941. The affidavit upon which the proceeding rests was filed on the juvenile side of the Sullivan Circuit Court on March 15, 1943, and in substance alleges that on said date Alex Akers, Jr., a boy under the full age of 18 years, was a delinquent, as that term is defined by said act, in that on the 13th day of March, 1943, in the county of Sullivan, he took and drove away an automobile without the consent of the owner thereof. The same day upon which this charge was filed it was heard by the court, without the intervention of a jury, and the appellant was found guilty. He was sentenced to the Indiana Boys' School to be confined therein until he reaches the age of 21 years and judgment was pronounced accordingly. On March 23, 1943, the appellant filed a motion to vacate said judgment, which motion was overruled, an exception was reserved and, under terms fixed by the court, this appeal was perfected.

The appellant complains: (1) That the court erred in overruling his motion to vacate the judgment; (2) that

the finding of the court is contrary to law; and (3) that the finding of the court is not sustained by sufficient evidence.

Appeals from the decisions and judgments of juvenile courts in this State are governed by a statute exclusive and particular thereto. It is thereby made "the duty of the judge of the juvenile court, when such appeal is prayed, to certify the facts of the case in the form of a special finding, and the Appellate Court shall pass on the sufficiency of such facts to sustain the judg- ment rendered. In case the party appealing questions the sufficiency of the evidence to warrant the findings thus made by the court, such evidence shall be incorporated in a bill of exceptions filed in said juvenile court and made a part of the record. The special findings and not the informal complaint shall be considered as the basis of the judgment rendered, and no such judgment shall be reversed except as the finding of facts or evidence to sustain the same shall be found by the Appellate Court to be insufficient. An assignment of error that the decision of the juvenile court is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the findings." Section 9-2858, Burns' 1940 Replacement, § 1758-30, Baldwin's Supp. 1941.

The unequivocal mandate of the Legislature that we shall not reverse the judgment of a juvenile court except in the event we are of the opinion that the finding of facts is insufficient to support such judgment or that the evidence is insufficient to sustain the facts as found, precludes us from considering, as grounds for reversal, any question raised by the appellant's first assignment of errors. *Garrison* v. *State* (1928), 88 Ind. App. 445, 164 N. E. 508.

The facts as found specially by the court are sub

stantially as follows. On Monday, March 15, 1943, at about 10:00 a. m. the prosecuting attorney filed an affidavit in the Sullivan Circuit Court charging the appellant, a boy under 18 years of age, with the theft of an automobile on the night of March 12, 1943, and with having driven the same away without consent of the owner. The prosecutor, at the time said affidavit was filed, informed the court that the appellant had signed a written confession of guilt as charged in said affidavit; that the parents of the appellant were in the court house and that it was agreeable to them that a hearing on the charge be held at 2 o'clock p. m. on that day. Summons to the appellant and his parents was issued accordingly and a hearing had at the time and place therein specified at which hearing the appellant and his father were in attendance. Before said hearing began the prosecuting attorney asked the appellant if he wanted to consult an attorney before proceeding further to which the appellant replied that he did not think so. The hearing proceeded and the appellant admitted to having signed the following confession:

"I, Lex Akers, Jr. make this statement of my own free will and voluntarily, having been advised of my constitutional rights, in the presence of Paul P. Boyle, Prosecuting Attorney, Delores Bonham, and W. M. Draper, Jr., in the office of the Prosecuting Attorney this 15th day of March, 1943.

"On Saturday evening about 11:30 at night Max Pierson, and Gayle Wilson, and myself decided to go to Memphis, Tennessee and having no way to get there, we planned to steal an automobile. We tried to get two automobiles; one in an alley down on Graysville Street and the other in front of the Nurses' Home of Graysville Street but there were no keys in them and we then went to North Main Street and there we took a 1937 Chevrolet Coupe which we later learned belonged to W. M. Draper, Jr.

"We pushed the car for about a block and then I drove the car away and we headed south on U. S. Highway No. 41 and went on that road through Vincennes, Evansville, and into Kentucky. About nine miles north of Madisonville, Kentucky, we ran out of gas and were forced to stop. Part of the time Gayle Wilson drove the car.

"After we got out of the car north of Madisonville we started hitchhiking and were stopped and questioned by the Deputy Sheriff of Hopkins County, Kentucky and he informed us that they had a broadcast from the State Police in Indiana of a stolen car answering the description of the one which we were driving. We admitted that we had stolen this car and they locked us in the County jail and called Sheriff Hubert Sevier. About 3:00 A. M. Monday morning Sheriff Sevier came to the County jail in Madisonville after us and we admitted to him that we had stolen this automobile and signed papers waiving extradition to the State of Indiana and voluntarily agreed to return to Sullivan County, Indiana with the Sheriff Hubert Sevier and face the charges which were pending against us.

"I have read this statement and have had it read to me and the things stated herein are true."

The appellant committed the theft of the automobile as set out in the above confession and his age is 15 years. As far as the evidence discloses he has never been in any previous trouble or before this court for any reason.

Although the above special finding of facts recites much that is purely procedural and evidentiary yet we believe that the court's adoption of the matters stated in the appellant's confession as the facts of the case is such a finding of ultimate facts as will support the judgment rendered thereon. They show the commission of a statutory crime, § 10-3010, Burns' 1942 Replacement, § 2449, Baldwin's 1934, and constitute the appellant a delinquent under the terms

of the act upon which this prosecution is based. Section 9-2833, Burns' 1942 Replacement, § 1758-4, Baldwin's Supp. 1941. Being a delinquent the appellant became subject to any one of various corrective measures, including commitment to the Indiana Boys' School, which the court saw fit to impose. Section 9-2841, Burns' 1942 Replacement, § 1758-13, Baldwin's Supp. 1941.

The appellant contends however that the facts as found by the court show an illegal conviction in that: (1) He did not plead to the charge; (2) that the trial court ignored legislative directions as to a preliminary investigation and notice of trial; (3) that he was not properly advised of his constitutional rights to trial by jury; (4) that the purpose of the act to "secure for each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interests of the state," has been frustrated. None of these things go to the sufficiency of the evidence to sustain the facts as found or to the legality of the judgment entered upon such facts and, unless there is a failure in one respect or the other, we cannot reverse the judgment of a juvenile court. It was the evident intention of the Legislature, in so restricting our powers to review, that in the event the evidence was sufficient to support the ultimate fact of guilt and the judgment was such as the court had power or authority to render, nothing else should matter. By the very terms of the act itself, hearings or trials, whether before court or jury, are informal and no child is to be deemed a criminal by reason of any adjudication of delinquency. The law provides a wide range of corrective remedies in the selection of which the court may consider the child's parentage and surroundings,

the conditions existing in his home, his associates, habits, school record and anything that will throw light upon his life and character. Proceedings against him in the juvenile court are in no sense criminal prosecutions and the strict rules of criminal procedure are not applicable. The constitutional rights of a person charged with crime are not his because he is not so charged and does not pay the penalty exacted by the statute which he violates. All these things, we think, justify the legislative limitations on our powers of review to those questions that bear directly on the child's delinquency and to the exclusion of matters of mere procedure.

In the instant case the fact that any one of several other judgments, less drastic than the one pronounced, would have been proper on the facts found can █ be no concern of ours. What corrective remedy the trial court chose out of the several the law provides was within its exclusive province and its judgment in that regard is beyond our reach by both statutory restriction and the dictates of reason and common sense. It is apparent, therefore, that the facts found by the court support the judgment rendered and that such facts are sustained by the evidence.

We may say, however, that in the instant case there is nothing that has been called to our attention that would warrant a reversal of the judgment in question even though we had full power to review it in all its phases. The fact that there was no arraignment or plea is of no consequence. Section 9-1201, Burns' 1942 Replacement, § 2211, Baldwin's 1934, provides that no conviction shall be invalid by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant, before trial, objected to entering upon the trial for lack of such

arraignment or plea. There was no such objection here and, although the above statute is a part of our criminal law, a stricter rule could hardly be logical or reasonable in the informal procedure of a juvenile court.

As to the preliminary inquiry the law imposes upon the court, we find nothing in the statute that requires such investigation after the affidavit charging delinquency is filed. Section 9-2834, Burns' 1942 Replacement, § 1758-6, Baldwin's Supp. 1941. Whatever inquiry the court makes is made preliminary to its assuming jurisdiction and for the purpose of enabling the court, with the interests of the state and child in mind, to determine the advisability of taking such further steps as will vest jurisdiction in the court to proceed as provided by the statute. Of what such preliminary inquiry shall consist, is not specified in the statute and it is only when practicable that an investigation of the home and environment of the child is required. The practicability of such an investigation is and must necessarily be left to the court in the exercise of its sound discretion. It is not contemplated nor is it compatible with the purposes of the Juvenile Act that such investigation should be made a matter of record, and we must assume in the instant case that the court followed the law and made such inquiry as in its judgment was practicable under the circumstances and, as a result thereof, was satisfied that jurisdiction ought to be acquired.

Whatever notice of a hearing the law requires was waived in the instant case as the appellant, in the custody of his father, appeared and voluntarily consented to proceed with the matter without further delay. The presence of the appellant's mother was not necessary under the provisions of the statute. Section 9-2835, Burns' 1940 Replacement,

§ 1758-7, Baldwin's Supp. 1941. The appellant calls our attention to numerous cases in which our Supreme Court has held that it is error to refuse to set aside a judgment against a young and inexperienced defendant who has pleaded guilty to the commission of a crime without knowledge of the consequences of his plea and without advice from the court as to his right to counsel and a trial by jury. These are all criminal cases involving heinous offences for which the penalty is mandatory even as to minors, and the wisdom of the decisions cannot be questioned. It might be said that the application of the principles underlying these decisions to a case in which the charge is mere delinquency would ordinarily be wholesome, but when the undisputed facts are such, as in the case at bar, that the services of counsel and a trial by jury could not justifiably result in other than a finding of guilt, we see no reason to regard such principles as controlling.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 91.