IN RE DELINQUENCY OF GARY ROTH ET AL. STATE OF NEBRASKA, APPELLEE, V. GARY ROTH ET AL., APPELLANTS.
64 N. W. 2d 799

Filed June 11, 1954. Nos. 33550, 33551.

McKillip, *Barth & Blevens* and *Ivan A. Blevens,* for appellants.

*Clarence S. Beck,* Attorney General, *Homer L. Kyle,.* and *Russell A. Souchek,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,. YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action which was instituted by the county attorney of Seward County, Nebraska, who filed a petition charging that Gary Roth, Lonnie Stutzman, and Vaughn Waln were delinquent children within the meaning of the Juvenile Court Act of the State of Nebraska. The alleged acts constituting delinquency were set out in the petition but it is not deemed necessary to repeat them herein. The petition was filed September 24, 1953.

Proceedings were had whereby the three were, on October 3, 1953, committed to the Boys' Training School at Kearney, Nebraska, until they attained the age of 21 years unless sooner paroled or legally discharged.

Nothing is authentically known as to the character of the proceedings except what is disclosed by the order of commitment. There is a purported bill of exceptions but it contains only a certificate of the court reporter that no evidence was taken by him and a certificate of the trial judge made February 6, 1954, containing a. recital of certain routine procedural details.

The record presents for consideration on review only the order of commitment with its recitals and the implications and inferences which flow therefrom, the attacks made on the order in the district court after its rendition, the rulings thereon, and the application thereto of controlling principles.

After the order of commitment was rendered Gary Roth by his father and the father in his own behalf, and Lonnie Stutzman by his father and the father in his own behalf, filed motions for new trial. The motions were overruled. No appeal was taken from the rulings and in the view taken of the present proceeding it is not deemed necessary to make any further comment concerning them.

At the same time that the motions for new trial were filed applications and motions to set aside the commitments were filed. Instead of setting aside the commitments the court purportedly modified them as to Roth and Stutzman so as to reduce the period of commitment to December 24, 1953.

It should be pointed out that Vaughn Waln is not a party to any proceeding in this court.

The parties are in agreement that the purported modifications were a nullity and that notwithstanding them, under law, if the original order was otherwise valid, the commitments remained in full force and effect as to the period of commitment.

The principle making invalid the modifications is the following: "In committing a boy to the industrial school, the juvenile court cannot fix a definite term of detention, since that is fixed by law, and any limitation written into the warrant of commitment will be treated as surplusage." Cohen v. Clark, 107 Neb. 849, 187 N. W. 120.

After this modified order was rendered Gary Roth and his father and Lonnie Stutzman and his father made a motion to vacate it and also a motion to vacate the original order.

The applications to set aside the original commitment contain numerous specifications, but since there is no bill of exceptions it is concluded that but one may receive consideration here. That one is that the court did not have jurisdiction over the minors for want of service of summons or other process, as required by section 43-206, R. R. S. 1943.

This specification by its substance declares that the commitments are void for the reason that the court was without jurisdiction for failure to serve the process required by the statute.

The provision of section 43-206, R. R. S. 1943, to the extent necessary to state it at this point in the opinion is as follows: "Upon the filing of the complaint, a summons shall issue requiring the person having custody or control of the child, or with whom the child may be, to appear with the child at a place and time stated in the summons, which time shall not be less than twenty-four hours after service. * * * on the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case in a summary manner. * * *."

The transcript does not disclose a compliance with this provision of the statute literally or substantially either as to service of process or as to hearing. The only other source of information on the subject is the order of commitment itself.

The order fails to show that summons was ever served on the parents of these boys. That the parents had custody and control is not questioned. It shows only in this connection that the parents were present at the time of rendition of the order of commitment.

It is the rule that a judgment rendered where there has been no service of process is void and it may be collaterally impeached. Alden Mercantile Co. v. Randall, 102 Neb. 738, 169 N. W. 433; Ehlers v. Grove, 147 Neb. 704, 24 N. W. 2d 866.

In Vandervort v. Finnell, 96 Neb. 515, 148 N. W. 332,

it was held that where neither the record nor the files in a case furnish proof of service of process a finding of the court that due and legal notice of the filing and pendency of the action was given will not supply the lack of the facts necessary to confer jurisdiction.

On this question there is a divergence of opinion in the decisions of other jurisdictions. Note, 68 A. L. R. 385 et seq.

However that may be, here there is no such recital nor one of similar import. The order here recites only that the parents were present at the time of rendition of the order of commitment, whereas the statute requires the issuance of summons and the allowance of not less than 24 hours for appearance at the designated place.

It must be said therefore that the order of commitment was rendered without jurisdiction and that it is void unless it may be said that the service of statutory process was waived. The appellee insists that there was a waiver.

The order does not declare that the service of process was waived. The appellee contends substantially however that since the parents were present when the boys were committed that service of process must be presumed to have been waived. To sustain this point of view they rely on the rule that voluntary appearance is the equivalent of service of process. In support of this proposition are cited section 25-516, R. R. S. 1943; Cropsey v. Wiggenhorn, 3 Neb. 108; Jensen v. Hinckley, 55 Utah 306, 185 P. 716; and Akers v. State, 114 Ind. App. 195, 51 N. E. 2d 91.

This rule properly applied and under proper circumstances is a sound one, but it has no application unless it is made to appear that there has been a bona fide appearance under circumstances which would justify a reasonable conclusion that the party submitted himself to the court's jurisdiction and his cause for determination by it. No such reasonable conclusion can flow from a mere showing, as is the situation here, that parties were

present in court when judgment was rendered.

The language of the statute (section 43-206, R. R. S. 1943) as well as reason appears to indicate that service of process in the manner provided should be regarded as jurisdictional. The purpose of the requirement clearly is to apprise the parent or custodian timely of a charge against the child and to afford a reasonable opportunity to safeguard his rights, interests, and liberty.

Without that protection a child of tender years could well become the victim of the merciless and be deprived of the constitutional and traditional safeguards which are guaranteed to even society's most depraved adult. Such a situation would be intolerable. See, Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308; Ripley v. Godden, ante p. 246, 63 N. W. 2d 151.

The Legislature never intended by the Juvenile Court Act to deprive children, who are unable under law to provide for their own protection, of the right to be protected against any such chance of injustice and oppression. It obviously intended that in order that jurisdiction should attach' for the purpose of determining whether or not a child is a delinquent that the processes prescribed by statute should be complied with.

The order of commitment in question herein was entered without jurisdiction and accordingly the judgment of the district court is reversed.

REVERSED.

CARTER, J., dissenting.

The journal entries committing the two defendants involved in these cases state that their cases come on for final hearing with their fathers personally present in the courtroom. This constitutes an appearance and a waiver of the service of summons required by section 43-206, R. R. S. 1943. A motion to vacate the order of commitment was filed by the defendants and their respective fathers. It was considered and ruled on by the court. This is undisputable proof of the appearance of the father of each of the minor defendants. The

record thus made denotes absolute verity and affirmatively shows appearances of the fathers of the defendants. It is a waiver of process and a submission of their persons to the jurisdiction of the court. I submit that the court had jurisdiction of the defendants and that the judgment of the trial court should be affirmed.