HOME FIRE INSURANCE COMPANY OF OMAHA V. ELIJAH L. JOHNSON, REVIVED IN THE NAME OF JACOB GALLEY, ADMINISTRATOR.

FILED DECEMBER 5, 1894.   No. 5777.

1. **Continuance.**  An application for continuance *held* properly denied when there was no showing of unavoidable absence of an important witness, nor that if a continuance was granted, his attendance or testimony would afterward be secured.

2. **Review:** RULINGS ON EVIDENCE.   An erroneous exclusion of testimony is ordinarily cured by the admission of that excluded.

3. **Trial:** ABSENCE OF STENOGRAPHER.   The mere refusal of the court to require the service of a stenographic reporter for the trial of a cause is not reversible error, although it may become such if thereby prejudice is shown to have resulted to the party whose request in this regard has been denied.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*A. S. Churchill,* for plaintiff in error.

*W. A. Bergstresser* and *Cole & Brown, contra.*

RYAN, C.

This action was prosecuted in the Nuckolls county district court for the amount of loss sustained by defendant in error, by the burning of his building insured by plaintiff in error. There was a verdict and judgment for the amount of insurance named in the policy, with interest.

The first error assigned is that the court improperly denied plaintiff in error a continuance upon the showing made of the absence of defendant in error and of C. J. Slater. By these witnesses it was claimed in this showing that the insurance company would be able to show, in support of the averments of its answer, that its agent, Mr. Sutherland, did not, before the loss, place this risk with plaintiff in error, but that after the fire he received payment of the premium and wrote up the policy sued on. As to the absence of Elijah L. Johnson, the defendant in error, it was shown that previous to the time the application for a continuance was made he had been a great while sick, and unable to leave his house for a long time,—indeed such was his condition when the insurance was effected. The verdict was returned and judgment rendered on November 7, 1891, and we find in the record a stipulation establishing the fact that Mr. Johnson died February 6, 1892. It is therefore specially worthy of note that there was no statement in connection with the affidavits for a continuance which would tend to establish any expectation that if this cause had been continued, Mr. Johnson's evidence would ever have been procured. In relation also to Slater, there was no showing that his testimony would have

been procured if a continuance had been granted.    In addition to this fact there was no proper proof of the inability of Slater to attend the term of court at which this cause was tried.    It is true there were affidavits of the attorney for plaintiff in error as to the sickness of Slater, but these were evidently predicated upon a mere letter of the secretary of the insurance company, in which it was stated that Slater was in Colorado, or had been when he was last heard from, a few days before the secretary's letter was written, and this letter stated that he was sick and unable to travel at the time indicated.    The district court properly held this showing insufficient.

Next it is insisted that there was no reporter, by whom the evidence was taken on the trial, and that the presiding judge had refused to delay the trial until a reporter could be secured.    It is easily conceivable that a case of hardship might arise by a refusal of the character indicated, and if such hardship appeared, the judgment could not stand. Provision has been made for the use of stenographers as reporters, and to the proper administration of justice their services are very valuable, and they should be required to be in attendance, just as is required of any other officer of the court, when a trial is in progress.    In the case at bar, however, there was attempted no showing that by reason of the absence of the reporter the plaintiff in error was prevented from settling a proper bill of exceptions.    What was proposed as a complete bill showing all the evidence given and offered was served on the defendant in error and settled by the judge who presided at the trial, as in all respects full and correct.    In respect to the ruling of the district court as to the presence of a stenographer there was, therefore, no prejudicial error shown.

It is urged that there was error in the ruling which denied the right to prove by Mr. Sutherland, the agent of the insurance company, when the insurance was in fact made. The importance of this question as related to the theory of

plaintiff in error has already been made to appear, and need not now be further explained. No doubt it was error to refuse to allow the proof to be made as offered, but this error was soon after cured by the admission of the very evidence which had been excluded on this point. We see no error in the admission of a copy of the proofs of loss of which the original was in possession of the insurance company, for there was undisputed evidence that the loss was total, and that the company's adjusting agent had acted on the proofs as made. No objection as to the giving or refusal of instructions is made, it will therefore be assumed that no good ground of objection exists. The judgment of the district court is

AFFIRMED.