IN RE INQUIRY OF ANTHONY MANTELL. LAWRENCE C. KRELL, APPELLEE, V. ANTHONY MANTELL, APPELLANT.

62 N. W. 2d 308

Filed January 15, 1954. No. 33370.

*Warren C. Schrempp* and *David S. Lathrop,* for appellant.

*Eugene F. Fitzgerald* and *Robert C. McGowan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The action out of which the proceeding for review here grew was one wherein Lawrence C. Krell filed a petition in the district court for Douglas County, Nebraska, juvenile division, charging that Anthony Mantell, a minor under the age of 18 years, was a delinquent, had been associating with vicious and immoral people, and that he had been guilty of immoral conduct.

In due form of law Mantell was brought before the court and a hearing was had at the conclusion of which the court found that the charges of delinquency against him were true; that he was a fit subject for commitment to the Boys' Training School at Kearney, Nebraska, and the care and custody of the Board of Control of the State of Nebraska; and accordingly committed him until he should arrive at the age of 21 years unless he was sooner paroled or otherwise disposed of according to law.

Mantell has brought this finding and judgment to this court for review by appeal. In the brief on appeal Lawrence C. Krell is designated as complainant and Anthony Mantell as defendant. These designations will

be used for the further purposes of this opinion.

On the lodgment of the case here the complainant filed a motion for dismissal on the ground that this court is without jurisdiction to review the action of the district court on appeal. He contends this court has jurisdiction to review in a case such as this only on writ of error.

This question requires first consideration herein and upon the determination depends the question of whether or not the errors assigned by the defendant require consideration.

In support of his contention complainant relies on section 83-471, R. R. S. 1943, as follows: "The proceedings before any county court or a justice of the peace may be reviewed on writ of error by the district court in the manner provided by law for reviewing criminal cases. Proceedings before any district court or judge thereof may be reviewed by the Supreme Court in the manner provided by law for reviewing criminal cases." This is a provision of what is commonly referred to as the State Industrial School Act.

The defendant has not briefed this question but we do not assume from this that the point is conceded. In this light it has been necessary to examine this provision together with its history and other related statutory provisions.

In 1879, by act of the Legislature, The Nebraska State Reform School for Juvenile Offenders came into existence. Laws 1879, p. 413. The act contained provisions relating to the commitment of children under the age of 16 years to the Reform School and the care of such children. It also contained procedural provisions which imposed duties upon courts in the treatment of such children. Nothing further need be said in this regard except that the act did not contain any provision relating to review of action in a legal proceeding.

This act was amended by chapter 74, Laws 1887. Section 10 of the act as amended contained the following:

"The proceedings before any judge or the county court may be reviewed on writ of error by the district court, and proceedings before any district court or judge thereof may be reviewed by the supreme court in the manner provided by law for reviewing criminal cases in these courts." This language was carried into section 4180, Comp. St. 1899.

By chapter 51, Laws 1901, the name of the institution was changed to "State Industrial School." In the amended act the provision for appeal was carried forward without change. This same language was carried into the revision of 1913. § 7378, Rev. St. 1913. Likewise it was carried into the compilation of 1922. § 7037, Comp. St. 1922. Also it was carried into the compilation of 1929. § 83-1108, Comp. St. 1929.

The provision has never been repealed and it has never been specifically amended. It however has been revised and its substance came into the revision of 1943 as it now appears as section 83-471, R. R. S. 1943.

It becomes clear that the review procedure in case of commitment of minors to the State Industrial School provided by the Industrial School Act has remained in all substantial respects the same since 1887.

Prior to 1887 it was clearly contemplated that a minor could not be committed except on conviction of a criminal offense. In 1887 power was granted for commitment not only on the basis of the conviction of a criminal offense but also in the case of a finding that a child was growing up in mendicancy and vagrancy, or was incorrigible. Laws 1887, c. 74, § 5, p. 592.

The provisions of the act of 1887 in this respect remained substantially the same until 1943. By the revision of 1943 the substance of the section was set forth in two sections. The first (section 83-465, R. R. S. 1943) provides for commitment for conviction of a crime, except murder or manslaughter, in a court of record. The second (section 83-466, R. R. S. 1943) provides for commitment where it is found that a child is growing up

in mendicancy or crime because of want of parental care or other cause.

There can be no doubt that in each instance where there has been a conviction in the district court of crime within the meaning of section 83-465, R. R. S. 1943, or a finding that a child is growing up in mendicancy or crime within the meaning of section 83-466, R. R. S. 1943, and a commitment, and review is sought in this court, proceeding for review is provided by section 83-471, R. R. S. 1943, that is in the manner provided by law for reviewing criminal cases. The method for review of all criminal cases by the Supreme Court is upon writ of error. § 29-2306, R. S. Supp., 1951.

In the year 1905 the Legislature enacted what is commonly referred to as the Juvenile Court Act. Laws 1905, c. 59, p. 305. This was an entirely new body of law, the primary design of which was to set up administrative and judicial procedure for the care, control, protection, and correction of children who because of neglect or other circumstances, or individual propensities, needed attention. The act designated classifications or categories with general definitions within the general purview. One of the classifications was designated as "delinquent child." This is the classification which is of concern here.

The act made provision for the filing of complaint charging delinquency and it made provision, among other provisions, for, in case of finding of delinquency by the juvenile court, commitment in what is now the State Industrial School.

It was agreeable to this act in its present form, Chapter 43, article 2, R. R. S. 1943, that the defendant herein was complained against and after hearing committed to the State Industrial School.

The Juvenile Court Act contains no provision for review of a hearing had in the district court.

By the terms of section 25-1912, R. R. S. 1943, which is a provision of the Code of Civil Procedure, it is pro-

vided that the proceeding for review of judgments, decrees, or final orders of the district court shall be by appeal, except in case of judgments and sentences upon convictions for felonies and misdemeanors under the criminal code.

The proceeding here is not one under the criminal code and the complaint against the defendant is not a charge of felony or misdemeanor. It is a charge of delinquency under the Juvenile Court Act. Whether or not it is in the true sense a civil action we do not need to decide. It was clearly the intention of the Legislature to permit review on appeal in all cases not specifically excepted. Actions such as this are not excepted.

The intention of the Legislature in this respect being clear we hold that this action has come here properly by appeal. See Laurie v. State, 108 Neb. 239, 188 N. W. 110.

In the light of this conclusion it becomes necessary to examine the assignments of error urged as grounds of reversal.

The first assignment is that the court erred in admitting the unsworn hearsay testimony of the witnesses for the complainant over the objection of the defendant.

The assignment correctly reflects factually that which occurred at the hearing on which the defendant was committed as is disclosed by the bill of exceptions.

The case came on for hearing and at its commencement the following transpired: "MR. KRELL: This is a delinquency petition concerning Anthony Mantell, who is fifteen years old. MR. SCHREMPP: Excuse me - Is there an arraignment here?" Mr. Schrempp was then and is now attorney for the defendant. "THE COURT: No. Just sit down and listen. MR. SCHREMPP: Let the record show Warren C. Schrempp has been employed by the defendant and his parents to represent him in this hearing. THE COURT: Do you have a formal complaint? MR. KRELL: The petition says Anthony Mantell is delinquent, he has been associating with vicious

and immoral people and has been guilty of immoral conduct." Then after an interchange of no importance here the following appears: "THE COURT: All right, proceed." Mr. Krell then proceeded to give a statement but was interrupted by objection of Mr. Schrempp, attorney for defendant, as follows: "MR. SCHREMPP: At this time, Your Honor, we object to any unsworn testimony before the Court in this matter. THE COURT: Overruled. Go on. * * * MR. SCHREMPP: May we have a continuing objection so we can keep the record straight? First we object to the petition, that it is not sworn testimony. THE COURT: You may have it shown that what is being said is what our Juvenile Court Records show, and what is being related is not evidence at the present time under oath. MR. SCHREMPP: Then my objection to the statement of Mr. Krell at this time is based upon these grounds: First, that it is unsworn and consequently it is a relation of what is classified as hearsay testimony and in the nature of an admission against interest of any parties in this lawsuit. THE COURT: Your objection will go to all the matters which will now be related, and the same ruling will obtain."

Mr. Krell then proceeded to make a detailed statement with regard to the defendant not under oath all of which was clearly and admittedly hearsay. Others were allowed to make statements not under oath and which likewise were hearsay.

No witness was sworn and nothing except hearsay information was adduced at the hearing. It was at the conclusion of the hearing thus described that the order of commitment was rendered.

The claim of error embraced in this assignment or even of any assignment is not met by the brief of the county attorney who represents the complainant so we can only by conjecture arrive at a conclusion as to the basis upon which the court regarded the hearing conducted as one conforming to proper and legal processes.

The basis, if it may be regarded as a basis, of the court's conclusion is language appearing in section 43-206, R. R. S. 1943, as follows: "* * * on the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case in a summary manner."

A child on being found to be a delinquent may be deprived of his liberty. § 43-210, R. R. S. 1943. The effect of the adjudication in this case was to deprive the defendant of his liberty.

Can it be that the Legislature by the quoted statement appearing in section 43-206, R. R. S. 1943, intended to destroy the traditional and constitutional safeguards of a trial? Can it be that it intended that trials should be had without the benefit of testimony of witnesses given under the sanction of oath or affirmation? Can it be said that the Legislature intended that the liberty of a child had less sanctity than that of an adult? Even if it did so intend, could that intention be sustained? We think not.

This matter has not been previously considered here but it has been by other courts. The courts of New York and California have spoken in a manner which meets approval here.

In People v. Lewis, 260 N. Y. 171, 183 N. E. 353, 86 A. L. R. 1001, it was said: "In the administration of Children's Court there is evidence of a tendency to confuse the procedure usual in mere dependency cases with that necessary in delinquency cases involving an issue of fact. To serve the social purpose for which the Children's Court was created, provision is made in the statute for wide investigation before, during and after the hearing. But that investigation is clinical in its nature. Its results are not to be used as legal evidence where there is an issue of fact to be tried. When it is said that even in cases of lawbreaking delinquency constitutional safeguards and the technical procedure of the criminal law may be disregarded, there is no implication that a

purely socialized trial of a specific issue may properly or legally be had. The contrary is true. There must be a reasonably definite charge. The customary rules of evidence shown by long experience as essential to getting at the truth with reasonable certainty in civil trials must be adhered to. The finding of fact must rest on the preponderance of evidence adduced under those rules. Hearsay, opinion, gossip, bias, prejudice, trends of hostile neighborhood feeling, the hopes and fears of social workers, are all sources of error and have no more place in Children's Court than in any other court."

In In re Matter of Hill, 78 Cal. App. 23, 247 P. 591, it was said: "The relations of parent and child should not be severed or disturbed unless the facts justify it, and the interests of all parties concerned require that these facts be shown by evidence whose verity has been carefully and legally tested. And so, while the exact truth should be searched out and all mere technicalities of procedure as distinguished from the rules which protect substantial rights should be disregarded, the regular processes of the law provided to produce evidence, and the ordinary rules established to aid courts in testing and weighing it, are not scrapped because the proceeding is a summary one.

"In the instant case the process of the law was available to bring witnesses into court, and it should have been used for that purpose. If persons secretly informed the judge that the parents' home was not a fit place for this child, and if their information was reliable and of any value, these persons must have known facts which would warrant that conclusion. It was their duty to come forward and in a manly or womanly fashion give their testimony, so that this helpless infant might be withdrawn from danger and cruelty. But details whispered privately to a judge in chambers cannot be basis of a final order. The more serious the accusation the greater the need that it be carefully tested, and to

that end that no one interested be denied the right of cross-examination."

It must be said that the defendant was not accorded a legal hearing in the juvenile court.

This conclusion renders unnecessary consideration of the other assignments of error contained in the brief of defendant.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.