IN RE MICHAEL ALLEN GODDEN, A MINOR CHILD UNDER 18 YEARS OF AGE. DOROTHEA W. RIPLEY ET AL., APPELLEES, V. DOROTHY GODDEN, APPELLANT.

63 N. W. 2d 151

Filed February 26, 1954. No. 33492.

*Merril R. Reller* and *John McArthur,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer L. Kyle,* and *Frederick H. Wagener,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

A petition was filed with the consent of the county attorney in the district court for Lancaster County by Dorothea W. Ripley, recited to be a reputable person, in which it was averred Michael Allen Godden was a dependent neglected child of the county without parental care and control. The child whose custody is the subject of this inquiry was 9 months of age. Appellant, his

mother, who had his care and custody appeared with her counsel and made objections to and defense against the charge contained in the petition to the extent and within the limited time the district court permitted. The trial court found that Michael Allen Godden was dependent and neglected; that appellant was unfit to have his custody; that the family home was not an appropriate place for the child; and that it was for his best interest that his temporary custody be and it was given to the Child Welfare Department (Mrs. Helen Cox) for placement, supervision, and boarding home care. The motion of appellant for a new trial was denied and she has brought this appeal.

Appellees argue that the law does not provide for an appeal to this court from any action of the district court in proceedings authorized by the Juvenile Court Act. §§ 43-201 to 43-227, R. R. S. 1943. A review of a finding and adjudication of the district court by authority of the Juvenile Court Act that a child is dependent and neglected, that his mother is not a suitable person to have his custody, and committing the child to the Child Welfare Department for placement, supervision, and boarding home care, may be had by an appeal to this court. Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308. The argument of appellees that the order of the district court in this case was not a final order and that by reason thereof this appeal is unauthorized may not be accepted. The order was made in a special proceeding and it affects a substantial right. § 25-1902, R. R. S. 1943.

Appellant filed a written request that the court reporter be present and make a record of the proceedings and the matters offered as evidence at the hearing. The trial court announced before any proof was offered or received that this was a juvenile proceeding, a clinical hearing, and informal in character; that it was not a proceeding in which appellant was entitled to a record; and that there would be no record of anything that happened thereafter during the hearing of the case.

The court did consent that appellant might, at her expense, have a record of the proceedings made. A court reporter is in Nebraska a state officer and an officer of the court. §§ 24-338, 24-341, R. R. S. 1943; § 24-339.01, R. S. Supp., 1953. See State ex rel. Carey v. Cornell, 50 Neb. 526, 70 N. W. 56. He is required by legislative mandate to make a stenographic report of oral proceedings had in the court for which he is appointed reporter "including the testimony of witnesses * * * and any further proceedings or matter when * * * requested by either party to said proceeding * * *." § 24-340, R. R. S. 1943. The duty the statute enjoins may not be disregarded by the reporter and the trial court has no authority or right to keep the reporter from performing his duty. A litigant is not obliged to make a request for a record by the reporter except in those situations where it is affirmatively required by the terms of the statute, otherwise a litigant may rely upon the reporter for a record of the proceedings. See Holland v. Chicago, B. & Q. R. R. Co., 52 Neb. 100, 71 N. W. 989. The office of court reporter is an important and responsible one. The duties of the office should be performed efficiently and with fidelity. In Home Fire Ins. Co. v. Johnson, 43 Neb. 71, 61 N. W. 84, it is said: "It is easily conceivable that a case of hardship might arise by a refusal of the character indicated, and if such hardship appeared, the judgment could not stand. Provision has been made for the use of stenographers as reporters, and to the proper administration of justice their services are very valuable, and they should be required to be in attendance, just as is required of any other officer of the court, when a trial is in progress." The court erroneously prevented the court reporter from making a record in this case. It improperly caused an expense to appellant as a condition of having the proceedings recorded. The error however was harmless because appellant, at her expense, provided a reporter who did what the court reporter should have done. If the appellant had sustained legal

prejudice because of the ruling of the court it would have been reversible error. Home Fire Ins. Co. v. Johnson, *supra;* Coupe v. United States, 113 F. 2d 145.

The record does not show that any of the several persons referred to in the record as witnesses who appeared and gave information during the hearing of this case were administered an oath. It is certain that an oath was not taken by any of them. The court responded to a suggestion of appellant that an oath had not been administered to a person produced and who was about to be examined that "You are presumed to be under oath anyway." Section 25-1237, R. R. S. 1943, requires an oath to be administered to all witnesses and to be given in the manner "most binding upon the conscience of the witness." The exact language thereof is: "Before testifying, the witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administering an oath shall be such as is most binding upon the conscience of the witness." This provision of the law requires an oath of any witness. This proceeding was contested litigation involving a question of fact. It was a judicial search for the truth as a basis of deciding an issue affecting the right of a mother and her infant child. The failure to observe the plain mandate of the law is reversible error if objection is made and the omission is not waived. Fetty v. State, 119 Neb. 619, 230 N. W. 440; Krell v. Mantell, *supra.*

Appellant was not permitted an opportunity for an orderly and reasonable cross-examination of the persons examined in support of the charges made in the petition. The request of counsel for appellant to examine additional persons in support of her contentions that the claims made in the petition were untrue was refused by the court. The reason for this is clear from statements made by the court during the hearing that this was only a clinical proceeding; that the right of cross-examination did not exist; that it was not the kind of a proceeding where the credibility of a witness could be tested or ques-

tioned; that the rules of evidence were not applicable; and that a judgment was unnecessary.

The problem in this case was whether or not appellant was unfit to perform the duties of mother of the infant child or whether or not she had by wrongful acts or neglect forfeited the right to the custody of her child. It is firmly established in this state, and has been recently restated, that courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties of the relationship of parent and child and has forfeited the right to his custody. The custody of a child is to be determined by the best interest of the child with due regard to the superior rights, of a fit and suitable parent. Lakey v. Gudgel, *ante* p. 116, 62 N. W. 2d 525. This case affects a 9-month-old infant who was in the custody of his mother. She and the father of the child had separated and the family home had been abandoned. The mother and the child were living in the parental home of the mother. An action for divorce and custody of the child was pending in the district court when this proceeding was commenced. The mother had the custody of the child and she is contesting to maintain her custody of him. There is probably no action known to the law more worthy of judicial consideration and careful determination than a proceeding affecting the custody of a little child. Claims of a parent should not be regarded in the removal of a child from the control of its parent if the parent is clearly unfit or has by misconduct forfeited his right to the custody of the child and if such drastic action is for the welfare of the child. However the devotion, care, and guidance of a normal parent are invaluable to his child and the relationship of parent and child should not be severed or disturbed unless the facts justify it. The interests of all parties concerned require, when the issue is contested in court, that the facts be shown by competent evidence. This should be accomplished by substantial observance of the rules of

evidence and procedure that are usually considered essential to protect substantial rights in hearings without a jury had for the adjudication of issues of fact in civil cases in the district court. The essential processes, rules, and procedure of the law established and observed to aid courts in the investigation and adjudication of controversies and contested issues are not discarded or permitted to be disregarded because a pertinent statute refers to the proceeding as a summary one. If there is a contested issue of fact to be tried and determined in a proceeding by virtue of the statute concerning juvenile dependents or delinquents, as there is in this case, the result of an investigation ex parte and clinical in its nature may not be used as legal evidence in the trial of the contest, except insofar as it satisfies the requirements of the rules of evidence. It is sometimes said in delinquency cases involving very serious juvenile misconduct that constitutional safeguards and the procedures of the criminal law may be disregarded, but even in this there is no implication that a purely informal, hasty trial of a contested issue of fact may properly or legally be had with only scant regard to rules of evidence or of procedure. There must be a reasonably definite charge and customary rules of evidence essential to getting at the truth with reasonable certainty must be observed. Findings of fact must rest on preponderance of competent proof produced under such rules and an adjudication should be made in harmony with the findings. Krell v. Mantell, *supra;* Mill v. Brown, 31 Utah 473, 88 P. 609, 120 Am. S. R. 935; State ex rel. Palagi v. Freeman, 81 Mont. 132, 262 P. 168; In re Matter of Hill, 78 Cal. App. 23, 247 P. 591; People v. Lewis, 260 N. Y. 171, 183 N. E. 353, 86 A. L. R. 1001.

The best of intentions and the greatest zeal to care for neglected, dependent, or delinquent children do not justify the violation of the constitutional provisions as to due process that are involved in removing a child from

the custody of its parent. The indispensable elements of due process are a tribunal with jurisdiction, notice of a hearing to the proper party, and an opportunity for a fair hearing according to applicable procedures. Appellant did not have an opportunity for or a fair hearing in this case.

Appellant complains that the court in its consideration and determination of this case considered not only the statements of unsworn persons examined during the hearing but many undisclosed reports made and communicated to the court by unnamed persons described as investigators from the police department and the Child Welfare Department. The record justifies the complaint of the appellant. The reports were not admissible in evidence. They were improper to be considered by the court in this case. If material competent information known to any of the persons who made the reports was desired as evidence it should have been produced under oath with opportunity for cross-examination. Appellant could not meet matters contained in reports of which she had no knowledge or means of knowledge and the record in the case in this court on appeal could not present information contained in the reports and considered as a basis of the adjudication in the district court. Scherz v. Platte Valley Public Power & Irr. Dist., 151 Neb. 415, 37 N. W. 2d 721; Pope v. Tapelt, 155 Neb. 10, 50 N. W. 2d 352; Krell v. Mantell, *supra*. In State ex rel. Palagi v. Freeman, *supra,* the court said: "At most, the court had before it the ex parte reports of the probation officer above quoted, which were not legal evidence of even the facts therein set forth. As these matters must be set forth in the petition and charges made therein, those charges must be established by evidence, with the corresponding right of cross-examination." See, also, In re Matter of Hill, *supra;* People v. Lewis, *supra*.

This was a contested matter in the district court and the hearing should have been conducted with regard for established rules and procedures. State ex rel. Miller

v. Bryant, 94 Neb. 754, 144 N. W. 804, decided that the act of the Legislature of 1905 (Laws 1905, c. 59, p. 305) in reference to dependent, neglected, and delinquent children, in essential particulars so far as applicable to this case the same as statutes now on the subject, did not create a new court or any court but only imposed new and additional powers on the district court. It is said therein: "By the act under consideration no new court was created, but the already existing district court was given new and additional powers and jurisdiction. That court is a court of general common law and equity jurisdiction, and it was clearly within the power of the legislature to require that court to exercise the powers and jurisdiction provided for by the juvenile court law." The Juvenile Court Act did not change the rules, practice, and procedure applicable to hearings without a jury of contested issues of fact in the district court.

The findings and adjudication of the district court should be and they are reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.