IN RE LEWIS M. SANDERS, A MINOR CHILD.
LAWRENCE C. KRELL, APPELLEE, V. LEWIS M. SANDERS,
APPELLANT.

96 N. W. 2d 218

Filed April 24, 1959.   No. 34549.

*Ross & O'Connor*, for appellant.

*Clarence S. Beck*, Attorney General, and *Richard H. Williams*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The authority for this proceeding is the Juvenile Court Act. Laws 1905, c. 59, p. 305. It is now a part of Chapter 43, article 2, R. R. S. 1943. A delinquent child is within its reach. The substance of a complaint filed in the district court for Douglas County on September 18, 1958, is that Lewis Marvel Sanders was less than 18 years of age; that he was a delinquent child because on or about June 6, 1958, in the city of Omaha he was involved with others in an unprovoked assault upon James LeRoy Stewart who was 17 years of age; and that as a result thereof his left jaw was fractured.

The court found that the accused was a delinquent child within the Juvenile Court Act and was a proper subject for commitment to the Boys' Training School of the state. The adjudication of the court was in harmony with and appropriate to the findings. A motion for a new trial was denied. This appeal concerns the legality of the action of the trial court. The record in this court designates the accused as appellant and the complainant as appellee and this designation will be observed herein.

This is a special statutory proceeding. The adjudication made herein by the trial court is reviewable in this court by appeal. Krell v. Mantell, 157 Neb. 900, 62 N. W. 2d 308, 43 A. L. R. 2d 1122; Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151. The manner of disposing of such an appeal in this court is by trial de novo. See, Feight v. State Real Estate Commission, 151 Neb. 867, 39 N. W. 2d 823; Rhoades v. State Real Estate Commission, 152 Neb. 701, 42 N. W. 2d 610.

The sufficiency of the complaint to sustain the judgment is contested by appellant. The complaint alleges appellant was involved with others in an assault upon a named victim and that appellant was a delinquent child less than 18 years of age. The relevant statute provides that the description "delinquent child" shall include anyone less than 18 years of age who violates any law of this state. § 43-201, R. R. S. 1943. An assault by one person upon another person violates a law of this state. § 28-411, R. R. S. 1943. It is true, as appellant asserts, that there are many things specified in the Juvenile Court Act which constitute child delinquency within the meaning of that act and that a proper complaint thereunder must set forth facts showing that the accused child is a delinquent. Laurie v. State, 108 Neb. 239, 188 N. W. 110. The complaint in this case was not insufficient. Phillips v. State (Tex. Cr.), 20 S. W. 2d 790. The right of appellant to have a more definite statement of the accusation made against him upon timely and proper application therefor is not considered or discussed because it is not appropriate in this case.

The substance of the evidence is this: The time of the misconduct referred to was in the forenoon of June 6, 1958. James LeRoy Stewart, hereafter referred to as Stewart, was 17 years of age, a senior student of North High School in Omaha, and he took shop lessons at Omaha Tech High School. He was at the last-mentioned school, left there, and was walking north on Thirtieth Street. He said a person whom he spoke of as Doakes was following him and Doakes overtook Stewart and asked him why he came up there to school and Stewart said he was there for shop. He proceeded north on Thirtieth Street to Franklin Street where he noticed other boys. When he was about midway of the intersection of these streets he was hit twice, once by a person he said he later learned was Doakes and once by a person he said he later learned was Hunter. He did not

testify, the source of his information. Stewart was not knocked or thrown down but did have one knee on the ground. He had and was treated for a broken jaw. He thought there were five boys at the intersection but did not identify them. Stewart did not mention appellant in his testimony. He made no claim of having known or seen appellant that day. Stewart had no acquaintance with or knowledge of appellant or any of the persons whom he said he saw at the intersection when he was struck. The court found that Doakes did not strike Stewart.

Appellant was 17 years of age, a senior student at Omaha Tech High School at the time of the hearing. He and William Doakes, spoken of herein as Doakes, were on the day mentioned above walking up Thirtieth Street and met Stewart. Doakes engaged Stewart in conversaton. Appellant thought Stewart made a statement which appellant disliked and he with his open hand slapped Stewart. Appellant and Doakes immediately left and went up Hamilton Street. Appellant had no part in or knowledge of any other act, conduct, or happening concerning or involving Stewart. Appellant knew nothing of anyone else striking or injuring Stewart until some time after that day. Appellant and Doakes were not with and had no arrangements to meet any other boys that day and they saw no other boys that morning either before or after they met Stewart. Neither Doakes nor appellant was acquainted with or had any knowledge of Stewart until they by chance met him as above stated. Stewart gave no evidence of either hurt or injury from the slap he received from appellant.

There was testimony by an assistant probation officer that early in September of 1958 appellant told him that appellant called Stewart names, struck Stewart, and appellant then walked away with Doakes. There is no mention otherwise in the record that appellant called Stewart any name and the effect of the testimony of appellant is that he did not. The record shows that

previous conduct of appellant was good and that there had been no previous complaint concerning him of any nature. His school record was clear of any charge of misbehavior or misconduct. His conduct in school was satisfactory and his scholastic conduct in school was satisfactory.

The Juvenile Court Act did not provide a new court. It only imposed additional powers on the district courts of the state. It did not change the rules or procedure of hearings without a jury of issues of fact. Ripley v. Godden, *supra,* declares: "The Juvenile Court Act did not create a new court but it conferred new and additional powers on the district court. It did not change the rules, practice, and procedure applicable to hearings without a jury of contested issues of fact in that court." The duties imposed by the Juvenile Court Act on the district courts are judicial. The validity of the act depends on that. The Legislature may not delegate to the courts the performance of nonjudicial duties. Art. II, § 1, Constitution of Nebraska; Searle v. Yensen, 118 Neb. 835, 226 N. W. 464, 69 A. L. R. 257; Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397; Laverty v. Cochran, 132 Neb. 118, 271 N. W. 354.

The rules of evidence are applicable to a hearing of a charge made under the Juvenile Court Act and they must be substantially observed. It is only legal evidence which can establish a charge under the act or sustain a judgment rendered in the proceeding involving the charge. It has been previously said and is now affirmed that in a hearing before the Juvenile Court the customary rules of evidence must be adhered to and a finding of fact may not rest on or be sustained by hearsay or unsworn statements; that the essential processes, rules, and procedures of the law established and observed to guide and aid courts in the trial and decision of issues of fact are applicable to proceedings under the Juvenile Court Act and they are not permitted to be

disregarded because the act refers to such a proceeding as a summary one; and that an issue of fact in such a proceeding must be heard and determined by observance of the rules of evidence that are considered essential and appropriate to ascertain the truth and to protect substantial rights in hearings had without a jury for the adjudication of issues of fact of civil cases in the district court. Krell v. Mantell, *supra;* Ripley v. Godden, *supra;* State ex rel. Fitzgerald v. Barkus, *ante* p. 257, 95 N. W. 2d 674; Annotation, 43 A. L. R. 2d 1141.

It is recognized that there is a presumption that the trial court in a cause heard without a jury disregarded incompetent evidence in reaching a decision in the cause and that this court on the trial of a cause de novo takes cognizance of only the legal evidence before it and gives no consideration to incompetent or irrelevant evidence in the record. Gerdes v. Omaha Home for Boys, 166 Neb. 574, 89 N. W. 2d 849. It is upon these considerations that the hearsay, incompetent, and irrelevant testimony of the assistant probation officer must be and is disregarded in the consideration and decision of this appeal.

A fair appraisal of the evidence is that appellant in company with Doakes met Stewart who was, without legal justification, slapped with the open hand of appellant without any significant result. This was such a minor incident it was entirely forgotten by Stewart while he was a witness giving testimony at the hearing. There was no mention of appellant in the testimony of Stewart. Appellant and Doakes immediately withdrew and at that time there was no other person or persons near Stewart or seen by appellant. Later, without the knowledge or participation of appellant, Stewart was assaulted and injured. Proof of any acquaintance with or concert of action of appellant with the persons who made the assault upon Stewart is absent. There is no proof of the charge made in the complaint that appellant was involved with others in an attack on Stewart which re-

sulted in a fracture of his jaw. The charge that appellant was a delinquent child because of this alleged occurrence or otherwise was not established. The evidence is quite to the contrary. There was no previous misconduct of appellant claimed or shown. It was established at the hearing that appellant had no record of improper conduct and that his school experience was acceptable and satisfactory both as to comportment and scholarship. A single violation of a law of the state by a minor does not always permit of a conclusion that the transgressor is a juvenile delinquent. In re Hook, 95 Vt. 497, 115 A. 730, 19 A. L. R. 610, contains this: "So, when analyzed, we find here only a single act of disobedience as a basis of the charge of delinquency. This was not enough. A child is not incorrigible who disobeys but once."

The judgment should be and it is reversed.

REVERSED.