IN RE INTEREST OF SCOTT RALPH BROWN.
SCOTT RALPH BROWN, APPELLANT, v. GORDON M. DOESCHOT, APPELLEE.

175 N. W. 2d 280

Filed March 13, 1970. No. 37206.

David J. Cullan and Foulks, Wall & Wintroub, for appellant.

Donald L. Knowles, Colleen R. Buckley, and Paul F. Peters, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Scott Ralph Brown, born January 7, 1954, has appealed from an order of the separate juvenile court of Douglas County, Nebraska, committing him to the Department of Public Institutions, State of Nebraska, at the Boys'

Training School, Kearney, Nebraska. We affirm the judgment.

On October 23, 1967, the State filed a petition alleging Scott to be a delinquent child, or in need of special supervision. The petition contained five separate counts of law violations from June through September 1967. The separate juvenile court, after hearing, found that four counts of the petition were true, including two admitted counts of burglary, and one of larceny. On October 31, 1967, he was found to be delinquent and placed on probation for a period of 2 years. In Decembr 1967, a supplemental petition was filed charging him with a burglary on November 22, 1967. On January 3, 1968, the supplemental burglary count was found to be true and he was again adjudged a delinquent. The court then entered its order committing him to the care and custody of the Department of Public Institutions, State of Nebraska, at the Boys' Training School, Kearney, Nebraska.

Subsequently, the court was advised that the Omaha Home for Boys would accept placement of Scott. The court then suspended the prior commitment to the Boys' Training School, and placed him in the temporary custody of the Omaha Home for Boys. That order was entered January 15, 1968.

On August 7, 1968, a motion to modify placement by returning him to his parents was filed on behalf of Scott. On September 4, 1968, a motion to review placement was filed on behalf of the State by the assistant chief probation officer of the separate juvenile court. The grounds specified were that Scott had absented himself from the Omaha Home for Boys without authorization on three different occasions through late May 1968, for a total of 14 days. On September 9, 1968, after notice and hearing, the court entered its order determining that the placement of Scott in the Omaha Home for Boys should not be disturbed.

On October 24, 1968, a motion to review the place-

ment of Scott was again filed on behalf of the State by the assistant chief probation officer of the separate juvenile court. It alleged that Scott had absented himself from the Omaha Home for Boys overnight in late September, and also left on October 4, and was still absent without leave on October 24. The matter was heard on November 8, 1968. After hearing, the court sustained the motion, terminated the responsibility of the Omaha Home for Boys, and committed Scott to the Department of Public Institutions, State of Nebraska, at the Boys' Training School at Kearney. Motion for new trial was filed and overruled. A $1,000 appearance bond was filed and Scott was released to the custody of his father pending final disposition of the matter.

An appeal from the juvenile court is disposed of in this court by trial de novo on the record. Krell v. Sanders, 168 Neb. 458, 96 N. W. 2d 218.

The juvenile court has a broad discretion as to the disposition of a child found to be delinquent. See State ex rel. Weiner v. Hans, 174 Neb. 612, 119 N. W. 2d 72.

Under section 43-210, R. R. S. 1943, the disposition of a child found to be delinquent may include commitment to the care and custody of the Department of Public Institutions. There is no statutory limitation on the court's power to make such commitment after an adjudication of delinquency. Under section 43-210.01, R. R. S. 1943, dealing with the disposition of a child found to be in need of special supervision, the court may enter any order it is empowered to make in the case of a delinquent child, except that the child in need of special supervision may not be committed to the Department of Public Institutions until the court shall find: "(1) That said child has failed to make a satisfactory adjustment after a reasonable period of time under its original order; or (2) Such commitment is necessary in the first instance for the protection of the health and welfare of said child or of society."

The original order on the supplemental petition in

January of 1968, committed Scott to the Department of Public Institutions at the Boys' Training School. Even if the later order placing Scott in the temporary custody of the Omaha Home for Boys be regarded as the original order, the evidence indicated a failure to make a satisfactory adjustment after a reasonable period of time.

Section 43-209, R. R. S. 1943, gives the juvenile court continuing jurisdiction over any child brought before the court or committed under the provisions of the Juvenile Court Act. Scott contends that under that statute, the juvenile court has no power to change the custody or care of a delinquent child except where the change is for the best interests of the individual child. We think it clear that the interests of society, as well as those of the child, must be considered. The Juvenile Court Act, as well as the reasonable requirements of a lawful organized society, require that conclusion.

The separate juvenile court did not abuse its discretion, and the judgment is affirmed.

AFFIRMED.